MANDATE

*NHCT*
*O2-CR-7*
*Acterton*



1    **UNITED STATES COURT OF APPEALS**
2    **FOR THE SECOND CIRCUIT**
3

4    # SUMMARY ORDER
5

6    **THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL**
7    **REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS**
8    **OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS**
9    **OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A**
10   **RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL**
11   **OR RES JUDICATA.**
12

13   At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the
14   Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the
15   11th   day of July, two thousand and five.
16

17   PRESENT:
18

19   HON. GUIDO CALABRESI,
20   HON. ROBERT A. KATZMANN,
21   HON. BARRINGTON D. PARKER, JR.,
22        *Circuit Judges.*
23
34
25
26

27   UNITED STATES OF AMERICA,
28

29   *Appellee,*
30

31            v.                                        No. 03-1445
32

33   JOSE ANTONIO PEREZ, aka Tony, RAYMOND PINA, aka Shorty,
34

35   *Defendants-Appellants.*
36
37
38

39

40   For Appellee:                            DAVID A. RING, Assistant U.S.
41                                            Attorney, *for* Kevin J. O'Connor,
42                                            U.S. Attorney for the District of
43                                            Connecticut, New Haven, CT
44                                            (William J. Nardini, *of counsel*).

1

ISSUED AS MANDATE:

AUG   1  2005

1    For Defendant-Appellant:                              DIANE POLAN, New Haven, CT.

2

3    Appeal from the United States District Court for the District of Connecticut (Arterton, *J.*).

4    _____    _____

5

6    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**
7    **DECREED** that the case be **AFFIRMED.**

8    _____

9         Defendant-Appellant Jose Antonio Perez ("Perez") was convicted by a jury on five counts

10   related to the murder-for-hire killing of Theodore Casiano, the leader of a rival narcotics

11   organization in Hartford, Connecticut, and sentenced to four concurrent terms of life

12   imprisonment and one consecutive five-year term.  We assume familiarity with the facts, the

13   procedural history, and the issues on appeal, and also cross-reference this panel's accompanying

14   *per curiam*, which addresses a question of law that this circuit has not previously had occasion to

15   consider. *See United States v. Perez*, __ F.3d __ (2d Cir. 2005).[1]

16        On appeal from his conviction and sentence from the judgment of the district court

17   (Arterton, *J.*), Perez raises a cavalcade of claims centered around seven principal allegations: (1)

18   that, because he joined the criminal enterprise only after that crime had been completed, the

19   district court erred in denying his Rule 29(c) motion for judgment of acquittal on several federal

20   murder-for-hire counts, 18 U.S.C. § 1958; (2) that, because 18 U.S.C. § 1959 does not cover the

21   act of aiding and abetting in the commission of predicate violent crimes in aid of racketeering

22   ("VICAR") offense, the district court erred in denying his Rule 29(c) motion for judgment of

_____

[1]      Raymond Pina, who was tried with Perez, withdrew his appeal prior to the date of oral argument.

1    acquittal on one count of aiding and abetting in the commission of a "VICAR" murder, under that

2    section of the criminal code; (3) that the district court erred in failing to instruct the jury on the

3    elements of aiding and abetting under Connecticut law; (4) that, because he was not acting in

4    furtherance of any racketeering enterprise, Perez could not be held liable under the VICAR

5    statute; (5) that the district court committed clear error in admitting a suggestive and unreliable

6    out-of-court identification; and (6) that the district court abused its discretion in admitting

7    testimony regarding his co-conspirators' possession of weapons and narcotics.  A seventh claim,

8    involving the question of whether a conviction for using a facility in interstate commerce in the

9    commission of a murder-for-hire is appropriate when the actual usage of that facility by the

10   defendant in a particular instance is wholly *intrastate*, raises issues of first impression that require

11   a published opinion.

12        Perez's argument, that he could not be part of the conspiracy to commit federal murder-

13   for-hire because that conspiracy was completed before he ever became involved, is without merit.

14   Irrespective of whether his co-conspirators satisfied the basic elements of conspiracy prior to

15   Perez's arrival, the fact that there were more instances of planning murder-for-hire using interstate

16   travel and facilities *after* Perez joined is sufficient to establish a basis for his conviction.[2]

17        Perez claims that 18 U.S.C. § 1959(a) does not apply to persons who only aid and abet

18   another individual in the commission of a predicate VICAR offense.  But, "murder" in § 1959(a)

---

[2]    Because Perez's corollary claims – (a) that he cannot be convicted of using
interstate travel to commit federal murder-for-hire, (b) that he cannot be convicted of aiding and
abetting federal murder-for-hire, and (c) that he cannot receive a firearm enhancement in
conjunction with federal murder-for-hire – rest entirely on this same argument, they likewise are
unavailing.

1    is defined according to the state or federal law controlling the predicate murder offense. *See*

2    *United States v. Mapp*, 170 F.3d 328, 335-36 (2d Cir. 1999). Under Connecticut law, Conn. Gen.

3    Stat. §§ 53a-54a, 53a-8, and under the federal murder-for-hire provision, 18 U.S.C. § 1958,

4    accomplice liability is built into the respective murder statutes – and therefore Perez's aiding and

5    abetting constitutes murder under the VICAR statute, too.

6          Perez's argument that the district court failed to instruct the jury on the elements of aiding

7    and abetting under Connecticut state law, too, is without merit. Given that the district court

8    issued the comparable federal aiding-and-abetting charge and also given the fact that we review

9    only for plain error (since Perez failed to object at the time of the charge), we reject this claim.

10    *See United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004); *United States v. Whab*, 355

11    F.3d 155, 158 (2d Cir. 2004).

12          With respect to the contention that Perez was not acting to further a racketeering

13    enterprise, we conclude that there was sufficient evidence for the jury to find that he had been

14    doing precisely that. *See United States v. Bruno*, 383 F.3d 65, 83 (2d Cir. 2004).

15          The claim that the district court improperly admitted a suggestive and unreliable out-of-

16    court identification also fails. The district court conducted a multi-day *Wade* hearing, *see United*

17    *States v. Wade*, 388 U.S. 218 (1967), and reasonably determined that though the procedures used

18    in obtaining the identification of Perez were suggestive, the identification by one of his co-

19    conspirators was itself reliable. *See Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001); *see also*

20    *United States v. Simmons*, 923 F.2d 934, 950 (2d Cir. 1991) (noting that an out-of-court

21    identification tainted by procedures which were unduly suggestive may still be admissible if "it

1    possesses sufficient indicia of reliability"). Based on the district court's analysis in accordance

2    with the five-part reliability test, *see Neil v. Biggers*, 409 U.S. 188, 199-200 (1972), we conclude

3    that there was no clear error. *See United States v. Finley*, 245 F.3d 199, 203 (2d Cir. 2001).

4          Finally, the district court did not abuse its discretion in admitting testimony regarding the

5    possession of weapons and narcotics by Perez's co-conspirators. *See United States v. Becerra*, 97

6    F.3d 669, 671 (2d Cir. 1996).

7          We have here considered all of Perez's claims, except for those involving whether Perez

8    was properly convicted for using a facility in interstate commerce in the commission of murder-

9    for-hire, and find the ones addressed above to be without merit. The judgment of the district court

10   is therefore AFFIRMED.

11                                              For the Court,

12                                              ROSEANN B. MACKECHNIE,

13                                              Clerk of the Court

14

15

16                                           by *[signature]* Lucille Carr

17

18

19

20

5

A TRUE COPY
Roseann B. Mackechnie, CLERK

by _____
DEPUTY CLERK